UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| ESMERALDA GARCIA, an individual; on Behalf of herself and all others similarly situated,<br>    *Plaintiffs*,<br><br>v.<br><br>ALLIED INTERSTATE, LLC, a Minnesota Corporation; IQOR US, INC., a Delaware Corporation; LVNV FUNDING, a Delaware Limited Liability Company; RESURGENT CAPITAL SERVICES, L.P., a Delaware Limited Partnership; and ALEGIS GROUP, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br>    *Defendants*. | Cause No. 5:15-CV-00294-RCL |

## MEMORANDUM OPINION

This case arises from defendants' attempts to collect a time-barred debt. Plaintiff Esmeralda Garcia's principal allegation is that when collecting a debt barred by the relevant statute of limitations, the use of the terms "settlement" and "settlement offer" is misleading and deceptive because it implies that the debt remains legally enforceable. Accordingly, plaintiff asserts claims under the federal Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Practice Act (TDCPA). Defendants filed a motion for judgment on the pleadings, seeking dismissal of plaintiff's class action complaint in 2015. Judge Pitman stayed the case pending the resolution of *Daugherty v. Convergent Outsourcing, Inc.*, a case raising similar issues that was before the Fifth Circuit. 836 F.3d 507 (5th Cir. 2016). The parties filed supplemental briefings regarding the impact of the Fifth Circuit's ruling in *Daugherty* in 2016. Subsequently, the case was reassigned

1

to the undersigned judge. Based on *Daugherty*, the Court will deny defendants' motion for judgment on the pleadings, as the collection letter at issue could violate the FDCPA and TDCPA.

**I.   Background**

According to Garcia's complaint, she accumulated $3,220.60 in credit card debt to Sears National Bank. Compl. ¶ 29, ECF No. 1 [hereinafter ECF No. 1]; Ex. A, ECF No. 1-1 [hereinafter ECF No. 1-1]. After Garcia allegedly defaulted on the debt, LVNV Funding, LLC (LVNV) acquired the debt from Sears. ECF No. 1 ¶ 39. LVNV then allegedly assigned, placed, or transferred the Sears debt to Allied Interstate, LLC (Allied), a wholly-owned subsidiary of iQor US, Inc. (iQor), for collection. *Id.* ¶ 65–81. Garcia alleges that all of LVNV's actions are also attributable to Resurgent Capital Services, L.P. (Resurgent), pursuant to business agreements between these companies. *Id.* ¶ 53–63. Garcia further alleges that Alegis Group, LLC (Alegis) is the sole general partner of Resurgent, and Resurgent's actions are therefore attributed to it. *Id.* ¶ 18–20.

Allied sent Garcia a letter, dated February 12, 2015, proposing that Garcia make a payment of $901.77 in "settlement" of this debt. ECF No. 1-1. Garcia alleges that the statute of limitations on collection of the debt had expired. ECF No. 1 ¶ 1. Allied's letter stated:

Esmeralda Garcia

> We are a debt collection company and we have been retained on behalf LVNV Funding LLC to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> LVNV Funding LLC is willing to accept payment in the amount in the amount of $901.77 in settlement of this debt. You can take advantage of this settlement offer if we receive payment of this amount or if you make another mutually acceptable payment arrangement within 40 days from the date of this letter. We are not obligated to renew this offer.
> . . .
>
> Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If

you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,
Allied Interstate LLC

*Id.*

On April 15, 2015, Garcia filed this suit against defendants, alleging violations of the FDCPA and TDCPA. According to the complaint, defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Garcia's debt and violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect that debt. The complaint also alleges that defendants violated Texas Financial Code § 392.304(a)(8) by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and Texas Financial Code § 392.304(a)(19) by using a false representation or deceptive means to collect the debt or obtain information concerning the consumer. Allied, iQor, LVNV, and Resurgent are all "debt collectors" as defined by the FDCPA and TDCPA according to the complaint. *See* Compl., ECF No. 1.

## II. Standard of Review

Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The Court reviews a Rule 12(c) motion using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Phillips v. City of Dallas*, 781 F.3d 772, 775 (5th Cir. 2015). The complaint "must contain sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Here, plaintiff attached Allied's letter to her original complaint, which makes it a proper document to consider in analyzing defendants' present motion.

### III. Discussion

#### A. FDCPA

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e provides a nonexclusive list of prohibited practices, including falsely representing the character, amount, or legal status of any debt, *id.* § 1692e(2)(A); threatening to take any action that cannot legally be taken, *id.* § 1692e(5); and using any false representation or deceptive means to collect or attempt to collect any debt, *id.* § 1692e(10). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Congress . .

4

. clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002)) (emphasis omitted). The Fifth Circuit has declared that "[t]he FDCPA should therefore be construed broadly and in favor of the consumer." *Daugherty*, 836 F.3d at 511.

The Court must view the collection letter from the perspective of an "unsophisticated or least sophisticated consumer" when evaluating whether the letter violates § 1692e or § 1692f.[1] *Id.* (quoting *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012)). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004). However, the unsophisticated consumer is not one "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)).

The Fifth Circuit in *Daugherty* analyzed for the first time in this circuit whether a collection letter offering "settlement" of a time-barred debt can violate the FDCPA if the debt collector does not disclose the debt's unenforceability or expressly threaten litigation. This issue had created disagreement between the circuits. The *Daugherty* court was persuaded by the Seventh Circuit's opinion in *McMahon*, and by the Sixth Circuit's opinion in *Buchanan* insofar as it was consistent with *McMahon*, and determined "that a collection letter that is silent as to litigation, but which offers to 'settle' a time-barred debt without acknowledging that such debt is judicially unenforceable, can be sufficiently deceptive or misleading to violate the FDCPA." *Daugherty*, 836

---

[1] As the Fifth Circuit did in *Daugherty*, the Court refers to both "unsophisticated or least sophisticated" consumers as "unsophisticated" consumers for ease of reference. *See Daugherty*, 836 F.3d at 511 n.2 (citing *Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.1 (5th Cir. 2002) (opting not to decide which of the two standards governs because "the difference between the standards is de minimis at most")).

5

F.3d at 511; *see Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 307 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

The *Daugherty* court approvingly recited the Seventh Circuit's reasoning in *McMahon*. "Whether a [collection] letter is confusing is a question of fact." *McMahon*, 744 F.3d at 1019–20. Dismissal is therefore only appropriate when it is apparent from reading the letter that not even a significant portion of the population would be misled by it. *Daugherty*, 836 F.3d at 512 (citing *McMahon*, 744 F.3d at 1020). In *McMahon*, the debt collectors sent collection letters listing outstanding amounts due but failed to mention that the statute of limitations periods on the debts had already expired. *McMahon*, 744 F.3d at 1013–14. The collection letters offered to "settle" the debt at a substantial discount, provided the debtor acted within a prescribed period of time. *Id.* The Seventh Circuit held that the letters could mislead an unsophisticated consumer into believing the debt was judicially enforceable and that each plaintiff's FDCPA claim should therefore survive a motion to dismiss. *Id.* at 1022. While the *McMahon* court noted that efforts to collect on a time-barred debt are not "automatically improper," it concluded that a debt collector violates the FDCPA when it "uses language in its [collection] letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable." *Id.* at 1020. The court stated that this proposition "is straightforward under the statute" as the FDCPA specifically prohibits "the false representation of the character or legal status of any debt." *Id.* (citing § 1692e(2)(A)).

The *McMahon* court also found the offers to "settle" misleading because "a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *Id.* at 1021. Thus, the court found the settlement offers "only reinforced the misleading impression that the debt was legally enforceable." *Id.* Further, the *McMahon* court noted that the Federal Trade Commission (FTC) and the Consumer Financial Protection Bureau (CFPB) have found that "most consumers do not

understand their legal rights with respect to time-barred debt." *Id.* (citing Fed. Trade Comm'n, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* 26–27 (2010)). The FTC, CFPB, Federal Deposit Insurance Corporation, Federal Reserve Board, and Office of the Comptroller of the Currency have argued in other cases that a debt collector collecting on a time-barred debt "must inform the consumer that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's ability to sue to collect the balance." *Id.* at 1015. For these reasons, the *McMahon* court concluded that the plaintiff had stated an FDCPA claim upon which relief could be granted. *Id.* at 1022.

The Fifth Circuit in *Daugherty* agreed with the Seventh Circuit's interpretation of the FDCPA in *McMahon*. *Daugherty*, 836 F.3d at 513. As in *McMahon*, the debt collectors in *Daugherty* sent a collection letter listing the outstanding amount due but failed to mention that the statute of limitations period on the debt had already expired. The letter offered to "settle" the debt at a substantial discount, provided the debtor acted within a specified period of time. *Daugherty*, 836 F.3d at 509–10. The Fifth Circuit proclaimed "that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a "settlement" and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA." *Id.* Thus, the Fifth Circuit concluded that upon accepting the well-pleaded facts alleged as true and viewing the facts in the light most favorable to the plaintiff, plaintiff's claim was facially plausible. *Id.*

Here, defendants argue that the Fifth Circuit's holding requires the "possible pitfall" of reviving a debt based on a mere partial payment to state a plausible claim under the FDCPA. Defs.' Suppl. Br. 3–7, ECF No. 46. Defendants contend that because Garcia has alleged that Texas law applies, which precludes the possibility of reviving a debt based on the mere partial payment of the time-barred debt, the Court should dismiss plaintiff's FDCPA claim. *Id.*; *see* Tex. Civ. Prac. &

7

Rem. Code § 16.065 (statute of limitations can be defeated only by an "acknowledgment [that] is in writing and is signed by the party to be charged"); *see also Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002). However, the Court is not persuaded by defendants' reading of *Daugherty*. *Daugherty* does not require the possibility that the plaintiff could revive the debt by merely making a partial payment to state a claim under the FDCPA. Indeed, in *McMahon*, which was the case the Fifth Circuit followed, the possibility of restarting the statute of limitations was simply an additional consideration that supported the court's conclusion. *See McMahon*, 744 F.3d at 1021. This was not essential to the *McMahon* court's holding. Similarly, this issue was not a critical aspect of the Fifth Circuit's ruling in *Daugherty*. The Fifth Circuit's reasoning is clear: the use of the words "settlement" and "settlement offer" in reference to a time-barred debt could connote litigation, and an unsophisticated debtor could be mislead into thinking that defendants could legally enforce the debt when the collection letter does not acknowledge that the debt is legally unenforceable. Accordingly, the Court finds that plaintiff's claim is facially plausible under the Fifth Circuit's ruling in *Daugherty* and will deny defendants' motion for judgment on the pleadings in regards to Garcia's FDCPA claim.

### B. TDCPA

Garcia also alleges that defendants violated Texas Financial Code § 392.304(a)(8) by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and Texas Financial Code § 392.304(a)(19) by using a false representation or deceptive means to collect the debt or obtain information concerning the consumer. The conduct prohibited under the TDCPA is coextensive with the conduct prohibited under the FDCPA, at least insofar as "[t]he same actions that are unlawful under the FDCPA are also unlawful under the [TDCPA]." *Gomez v. Niemann & Heyer, L.L.P.*, No. 16-CV-119, 2016 WL 3562148, at *5–6 (W.D. Tex. June 24, 2016) (quoting *Bullock*

*v. Abbott & Ross Credit Services, L.L.C.*, No. 09–CV–413, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009); *accord Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666–67 (N.D. Tex. 2010) ("The FDCPA and the [TDCPA] are very similar."); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 (S.D. Tex. 2008) (comparing the FDCPA's prohibition of false representation or deceptive means to collect debt with TDCPA § 392.304's prohibition on the use of false representation or deceptive means to collect a debt and finding that "the conduct made unlawful by [the TDCPA] is virtually identical to the conduct made unlawful by the FDCPA"); *see also Langley v. Weinstein & Riley, P.S.*, No. 12-CV-1562, 2013 WL 2951057, at *9 (S.D. Tex. June 14, 2013) (citing *Bullock*, *Cox*, and *Prophet* for the proposition that the FDCPA and TDCPA are very similar).

"To violate the [TDCPA] using a misrepresentation, 'the debt collector must have made an *affirmative statement* that was false or misleading.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240–41 (5th Cir. 2014) (quoting *Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013). Defendants argue that Allied's purported failure to disclose that the debt was barred by the statute of limitations and was therefore not legally enforceable does not constitute a "misrepresentation" under TDCPA §§ 394.304(a)(8) and (a)(19) because the failure to provide information is not an affirmative statement. However, defendants did make an affirmative statement by offering to settle the time-barred debt. This "settlement offer" could be misleading.

Garcia has stated a plausible claim that defendants violated Texas Financial Code § 392.304(a)(8). As discussed *supra* in section III(A) analyzing whether the plaintiff stated a claim under the FDCPA, the collection letter's "settlement offer" could constitute a misrepresentation of the character of the time-barred debt because this language could mislead a debtor into thinking that defendants could legally enforce the debt even though the debt is legally unenforceable in

9

reality. Further, Garcia has stated a plausible claim that defendants violated Texas Financial Code § 392.304(a)(19), which is a catch-all provision. Again, as discussed *supra* in section III(A) analyzing whether the plaintiff stated a claim under the FDCPA, the collection letter could constitute the use of a false representation or deceptive means to collect on the debt. The "settlement offer" of the time-barred debt could connote litigation, and a debtor could be misled into thinking that defendants could legally enforce the debt when the collection letter does not acknowledge that the debt is legally unenforceable.

Accordingly, Garcia has stated plausible claims that defendants violated Texas Financial Code §§ 392.304(a)(8) and (a)(19) by making an affirmative statement of a "settlement offer" on a time-barred debt that could be misleading. Thus, the Court will deny defendants motion for judgment on the pleadings in regards to Garcia's TDCPA claim.

## IV. Conclusion

Garcia's FDCPA claim is facially plausible under the Fifth Circuit's ruling in *Daugherty*. Garcia has also stated a plausible claim that defendants violated Texas Financial Code §§ 392.304(a)(8) and (a)(19) by making an affirmative statement of a "settlement offer" on a time-barred debt that could be misleading. Therefore, the Court will deny defendants' motion for judgment on the pleadings. A separate order will follow.

SIGNED this 25th day of March, 2019.

_____
Royce C. Lamberth
United States District Judge